**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| WALID HAWATMEH, | No. 10-70533 |
| Petitioner, | Agency No. A072-252-008 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 4, 2013
Pasadena, California
Submission Deferred January 9, 2014
Resubmitted March 26, 2014

Before: D.W. NELSON, WARDLAW, and RAWLINSON, Circuit Judges.

Walid Hawatmeh (Hawatmeh), a native and citizen of Jordan, petitions for

review of the decision of the Board of Immigration Appeals (BIA) dismissing his

appeal of the ruling of an Immigration Judge (IJ) finding him removable under 8

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

U.S.C. § 1227(a)(1)(A), and denying his request for a waiver of removal. We have jurisdiction under 8 U.S.C. § 1252[1] and we deny the petition for review.

Substantial evidence supports the BIA's finding that Hawatmeh is removable under 8 U.S.C. § 1227(a)(1)(A). During his adjustment of status interview, Hawatmeh willfully misrepresented the material fact that he had been ordered deported. Although the interviewing officer did not testify before the IJ, the presumption of regularity supports the BIA's finding that the interviewing officer properly inquired whether Hawatmeh had ever been deported. *See Kohli v. Gonzales*, 473 F.3d 1061, 1068 (9th Cir. 2007). In addition, the BIA properly inferred from Hawatmeh's refusal to testify before the IJ about whether he was asked this question that Hawatmeh knowingly made a false statement. *See United States v. Solano-Godines*, 120 F.3d 957, 962 (9th Cir. 1997) ("Deportation proceedings are civil proceedings, and in such proceedings an immigration judge may draw an adverse inference from a defendant's silence in response to questioning.") (citations omitted).

---

[1] Although we lack jurisdiction to review the BIA's discretionary denial of a waiver of inadmissibility under 8 U.S.C. § 1227(a)(1)(H), we have jurisdiction to review whether the BIA considered improper factors in adjudicating Hawatmeh's waiver request. *See Vasquez v. Holder*, 602 F.3d 1003, 1018-19 (9th Cir. 2010).

Finally, the BIA properly considered the hardship to Hawatmeh and his family when adjudicating his application for a waiver of inadmissibility under 8 U.S.C. § 1227(a)(1)(H). *See Vasquez v. Holder*, 602 F.3d 1003, 1018 (9th Cir. 2010) ("The question whether to exercise discretion favorably necessitates a balancing of an alien's undesirability as a permanent resident with the social and humane considerations present. Favorable considerations may include evidence of hardship to the alien or her family if deportation occurs.") (citation and alterations omitted).

**Petition DENIED.**